**Penn A. Dodson (PD2244)**
ANDERSONDODSON, P.C.
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 tel.
(646) 998-8051 fax
*penn@andersondodson.com*

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL GOMES,<br>  in his individual capacity<br>  and on behalf of others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>COPPOLA'S OF NEW YORK, INC.,<br>  d/b/a Coppola's West,<br>SALVATORE'S CORP, d/b/a Coppola's East,<br>SALVATORE COPPOLA, an individual,<br><br>               Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. 1:19-cv-6738<br><br><u>**JURY TRIAL REQUESTED**</u> |

## INTRODUCTION

1. Plaintiff Michael Gomes was a delivery person for one of Defendants' restaurants for approximately five months. During this time, Defendants did not pay him any wages at all. He only received tips. Additionally, although Plaintiff worked over 40 hours per week every week he worked there, he never received any overtime pay. To challenge this and other wage violations, Plaintiff brings this action, on behalf of himself and his similarly situated coworkers, by and through his attorneys, against Defendants Coppola's Of New

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

York, Inc., d/b/a Coppola's West; Salvatore's Corp, d/b/a Coppola's East; and their principal, Salvatore Coppola, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Labor Law, Art. 19, § 650, *et seq*. (hereinafter, "NYLL").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. A significant portion of the events giving rise to the instant litigation occurred at and around the Defendants' restaurant located at 206 W. 79th St. New York, NY 10024.

## PARTIES

**Defendant Coppola's West**

5. There is a restaurant located at 206 W. 79th St. New York, NY 10024, doing business as "Coppola's" or "Coppola's West."

6. **Coppola's Of New York, Inc.** was a corporate entity that is currently listed as being in inactive status with the New York Department of State. Its DOS Process agent is listed with the NYS Department of State as Salvatore Coppola at 206 W. 79th St. New York, NY 10024.

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

7. When it was in active status, Defendant Coppola's Of New York, Inc. operated the restaurant located at 206 W. 79th St. New York, NY 10024, doing business as "Coppola's" or "Coppola's West."

8. The intent is for "Coppola's West" to be a Defendant in this action. Should an additional corporate entity be identified as being affiliated with that establishment, the intent is that it be included as well. To the extent it becomes necessary, Plaintiff will move to add parties or amend his Complaint accordingly.

9. At all relevant times, Defendant Coppola's West has had annual gross revenues in excess of $500,000.

10. At all relevant times, Defendant Coppola's West has been engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. Coppola's West regularly transacts business over the telephone and internet. It accepts credit card payments. It uses at least some food items, cleaning supplies, dishes, and other goods that were manufactured out of state.

12. At all times material to this action, Defendant Coppola's West has been subject to the FLSA and was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

**Defendant Coppola's East**

13. There is a restaurant located at 378 3rd Avenue, New York, New York 10016 doing business as "Coppola's" or "Coppola's East."

14. Defendant Salvatore's Corp. is a New York corporation in active status doing business within New York County, and whose principal place of business is located at 378 3rd

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Avenue, New York, New York 10016. Its DOS Process agent is listed with the NYS Department of State as the accounting firm Julius D. Farber & Company, with an address of 498 Bergen Boulevard, Ridgefield, New Jersey 07657

15. Defendant Salvatore's Corp. operates "Coppola's East."

16. At all relevant times, Defendant Coppola's East has had annual gross revenues in excess of $500,000.

17. Coppola's East regularly transacts business over the telephone and internet. It accepts credit card payments. It uses at least some food items, cleaning supplies, dishes, and other goods that were manufactured out of state.

18. At all relevant times, Defendant Coppola's East has been engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19. At all relevant times, Defendants Coppola's East and West's business activities have been related and performed through unified operations or common control for a common business purpose and constitute an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

**Defendant Salvatore Coppola**

20. Defendant Salvatore Coppola (hereinafter "Coppola"), an individual, resides in Manhattan, upon information and belief.

21. Defendant Coppola has an ownership interest in and/or is a shareholder of Coppola's West.

22. Defendant Coppola is one of the ten largest shareholders of Coppola's West.

23. Defendant Coppola has an ownership interest in and/or is a shareholder of Coppola's East.

24. Defendant Coppola is one of the ten largest shareholders of Coppola's East.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gomes v. Coppola's*
USDC, Southern District of New York

Complaint
Page 4

25. At all times material to this action, Defendant Coppola has actively participated in the business of the corporations.

26. At all times material to this action, Defendant Coppola had authority to and or has actually exercised substantial control over the functions of the restaurants' employees including Plaintiff. For example, Defendant has the ability and authority to hire and fire employees, set rates of pay, set policies and practices of the company, and to delegate duties, responsibilities, and authority to other individuals if desired.

27. At all times material to this action, Defendant Coppola was an additional "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

**Plaintiff Michael Gomes**

28. Plaintiff Michael Gomes is a resident of New York, New York, which is in New York County.

29. Plaintiff Michael Gomes worked for Coppola's West as a delivery person from July 30, 2017 to December 11, 2017.

30. Plaintiff Gomes delivered Coppola's West food to Coppola's West's customers. Customers placed orders from the restaurant, and Plaintiff delivered the orders to them (generally by bicycle).

31. In addition, prior to making the deliveries he would prepare bread and cheese to accompany the orders.

32. Defendants did not ask or expect Plaintiff Gomes to record his time worked.

33. Plaintiff Gomes typically started work at 4:30 P.M. and stopped work at about 11:00 P.M. He usually worked 7 days per week.

34. Plaintiff Gomes estimates that generally he worked approximately 45 hours per week.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gomes v. Coppola's*
USDC, Southern District of New York

Complaint
Page 5

35. Defendant Coppola's West set Plaintiff's schedule.

36. If Plaintiff were to fail to come to work as scheduled or fail to perform as instructed, he would be subject to discipline or termination.

37. The kind of work that Plaintiff performed is part of the company's normal business operations and services it renders.

38. Defendants provided Plaintiff a vest he was expected to wear while making deliveries bearing the word "Coppola's."

39. While working for Defendants, Plaintiff did not also work for other companies or entities.

40. When Plaintiff began working for Defendants, no specific duration was given for how long he would be working for the company.

41. Plaintiff did not utilize specialized or unique skills in order to perform his duties working for Defendants.

42. At all times material to this action, Plaintiff Gomes was an "employee" within the meaning of 29 U.S.C. § 203(e) and the NYLL.

43. Defendants did not pay Plaintiff Gomes any wages. The only compensation he received was the tips customers left.

44. Defendants do not pay any of their delivery workers any wages.

45. Defendants did not provide Plaintiff (or his similarly situated coworkers) a wage notice, a tip notice, or any paystubs.

46. Defendants did not pay Plaintiff (or his similarly situated coworkers) at or above the applicable minimum wage rate

47. Defendants did not pay Plaintiff (or his similarly situated coworkers) at a rate at or above one and a half times a base hourly rate for the hours over 40 they worked in the workweek.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

### FLSA Collective Plaintiffs

48. Plaintiff brings the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all delivery persons working for Defendants on or after the date three years before the filing of the instant Complaint, at Coppola's East and/or West (the "FLSA Collective Plaintiffs").

49. Upon information and belief, all of the Defendants' delivery workers are not paid any wages, have common or substantially similar job descriptions and duties, and are subject to common or substantially similar policies and procedures.

50. The FLSA Collective Plaintiffs are similarly situated, in that they have had substantially similar job duties and have been subject to common pay practices and decisions on the part of the Defendants. The FLSA claims of the Named Plaintiff alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

51. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, social media, posted at the restaurant, and/or other means of distribution authorized by the Court.

### Rule 23 Class

52. The Named Plaintiff brings the Second Claim for Relief as a Class Action pursuant to Fed. R. Civ. Proc. 23, on behalf of all Delivery Persons working for Defendant son or after the date six years before the filing of the instant Complaint within the state of New York (the "Class Plaintiffs").

53. The number of, and identities of, the individuals comprising the Class are, or should be, ascertainable from Defendant's records. Notice can be provided to the Class Plaintiffs via means permissible under FRCP 23, correlative caselaw, and appropriate judicial guidance.

54. The precise number of persons is unknown, as such information is in the custody and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

control of the Defendants. Especially given the high turnover rate, the two restaurant locations, the six-year period at issue, and the volume of business transacted by the restaurants, there are likely to be several dozen of similarly situated individuals.

55. The proposed Class is so numerous that joinder of all members is impracticable. Further, the disposition of their claims as a class will benefit the parties and the Court.

56. The Named Plaintiff's claims are typical of those claims which could be alleged by any member of the class. Further, the relief sought by the Named Plaintiff is typical of the relief which could be sought by any member of the proposed Class. The Class members were all subject to the same practices, decisions, policies, plans, and customs of Defendant as alleged herein. There was nothing special about the Named Plaintiff that caused him to be treated differently than other Class members in regards to the pay methods to which they were subjected. Defendant benefitted from the unlawful withholding of wages due to members of the proposed Class and the Named Plaintiff in the same way. Though the exact amounts may differ, Plaintiff and other Class members incurred similar losses, injuries, and damages arising from Defendants' pay practices.

57. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Further, Plaintiffs are represented by attorneys who are experienced and competent in class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. In wage and hour litigation involving low wage workers in particular, the individual Class members more often than not lack the financial, language, time, and other resources to vigorously prosecute a lawsuit against Defendants having a superior

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

bargaining positions. A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf. Though important and significant to Class members individually, the damages suffered by each of the individual Class members are relatively small relative to the costs associated with litigation; pooling them together therefore serves the end of efficiency.

59. In addition, important public interests will be served by treating this claim as a class action. Otherwise, there is a risk that some workers would be compensated according to the law and others not, resulting in a net benefit to Defendant for those who were improperly paid but for whom no damages are assessed.

60. Further, many current and even former employees understandably fear untoward repercussions for asserting claims on their own. They therefore sometimes tolerate illegal treatment as an alternative preferable to having no job at all when in fact the law requires proper and legal wage payments regardless of what some individuals may acquiesce to when faced with desperation and vastly unequal bargaining power positions. Class actions allow these unnamed workers to rest in their anonymity while seeing their rights vindicated.

61. There are questions of law and fact common to the Class that predominate over questions affecting class members individually. Some of these questions may include the following:

    a. Whether Defendants have failed to pay their Delivery Workers at or above the applicable minimum wage rate for all hours worked;

    b. Whether Defendants have failed to pay their Delivery Workers at or above one and a half times the computed regular rate for all hours above 40 worked in the workweek;

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

    c. Whether Defendants provided their delivery workers wage notices, tip notices, or pay stubs as required by law;

    d. What Defendants' pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

    e. Whether Defendants maintained true and accurate time and payroll records; and

    f. What formulae are appropriate for calculating damages.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

62. Plaintiff and other similarly situated employees reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

### *Failure To Pay Time Overtime Properly*

63. Defendants failed to compensate Plaintiff and others similarly situated employees at a rate of one- and one-half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Failure To Pay Minimum Wage*

64. Defendants failed to pay Plaintiff and other similarly situated employees the minimum wage for all hours worked, in violation of the FLSA.

### *Record-Keeping Failures*

65. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff and other similarly situated employees, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gomes v. Coppola's*
USDC, Southern District of New York

Complaint
Page 10

### *Willful & Not Based On Good Faith & Entitlement to Damages*

66. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

67. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage and overtime. In failing to pay Plaintiff and other similarly situated employees wages, Defendants knowingly violated the mandates of the FLSA.

68. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

69. As a result of the violations by Defendant of the FLSA, the Plaintiff and others similarly situated are entitled to all damages available under the FLSA which include all unpaid minimum wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

70. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

71. At all relevant times, Plaintiff and others similarly situated were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### *Failure To Pay Minimum Wage*

72. Defendants failed to pay Plaintiff and others similarly situated the minimum wage for all hours they worked, in violation of NYLL § 652.

### *Failure To Pay Overtime*

73. Defendants failed to compensate Plaintiff and others similarly situated at a rate of one and one half times their normal hourly rates for hours over 40 in a workweek, in contravention

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

*Failure To Provide Day of Rest*

74. Defendants operated a "factory, mercantile establishment, hotel, [or] restaurant." Defendants failed to provide Plaintiff and others similarly situated with one day rest in seven, in contravention of NYLL § 161.

*Failure to Provide Pay Stubs / Wage Notices / Tip Notice*

75. Defendant failed to furnish Plaintiff and others similarly situated with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

76. Defendant failed to furnish Plaintiff and others similarly situated with a "tip notice" or written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday, and a statement that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate. 12 N.Y. Comp. Codes R. & Regs. 146-2.2.

77. Defendant failed to furnish Plaintiff and others similarly situated with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

2.7.

*Record-Keeping Failures*

78. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

79. At all relevant times, Defendants failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

80. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

*Damages*

81. Due to Defendant's New York Labor Code violations, Plaintiff and others similarly situated are entitled to recover unpaid minimum wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Certify Count I as a Collective Action pursuant to 29 U.S.C. §216(b); and

(B) Certify Count II as a Class Action pursuant to Fed. R. Civ. Proc. 23; and

(C) Award Plaintiff and others similarly situated their unpaid and underpaid wages due under the FLSA and the New York Labor Laws; and

(D) Award Plaintiff and others similarly situated liquidated damages in the amount of

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(E) Award Plaintiff and others similarly situated liquidated damages pursuant to NYLL § 663; and

(F) Award Plaintiff a service award for his role as "Named Plaintiff"; and

(G) Award Plaintiff interest; and

(H) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(I) Award such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **19th** day of **July 2019.**


ANDERSONDODSON, P.C.

*[signature]*

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*

11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gomes v. Coppola's*
USDC, Southern District of New York

Complaint
Page 14