

November 13, 2019

Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Via ECF**

  Re: *Gomes v. Coppola's Of New York, Inc. et al*, 1:19-cv-06738-ER
     Joint Motion to Approve FLSA Settlement

Your Honor:

On July 29th, 2019, this Court issued an Order for mediation and assigned a SDNY panel mediator to our case. The parties attended mediation on September 13th, 2019, and there they reached an agreement to settle this case. Counsel for the Plaintiff and Defendants hereby jointly request that this Court approve the parties' settlement of the above-captioned matter (Ex. A, Settlement Agreement) and dismiss the case, with prejudice (Ex. B, Stipulation of Dismissal). As the Plaintiff's action and claims arise under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), the parties' settlement must be approved by this Court. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lynn's Food Stores, Inc. v. United States ex. rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982)).

In *Cheeks* the Second Circuit articulated that its rationale for requiring approval is premised largely on the notion that "Low wage employees, even when represented in the context of a pending lawsuit, often face extenuating economic and social circumstances and lack equal bargaining power; therefore, they are more susceptible to coercion or more likely to accept unreasonable, discounted settlement offers quickly." *Cheeks*, at *17. The Court referred to a number of district court decisions rejecting proposed FLSA settlements containing the following types of provisions:

1. Highly restrictive confidentiality provisions (*Lopez v. Nights of Cabiria, LLC*, —— F.Supp.3d ——, ——, No. 14–cv–1274 (LAK), 2015 WL 1455689, at *3 (S.D.N.Y. March 30, 2015)
2. Overbroad releases (Id.)
3. Attorneys' fees of somewhere between 40%-43.6% of the total settlement payment (Id.)
4. Restriction on a plaintiff's attorney not to "represent any person bringing similar claims against Defendants." *Guareno v. Vincent Perito, Inc.*, 14cv1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014).

5. Economic desperation of the plaintiffs. *Nall v. Mai–Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir.2013); *Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 600 n. 4 (N.D.Ga.2014)

*Cheeks*, at *17.

Here, none of these factors would preclude approval of this settlement. Pursuant to the terms of the agreement attached hereto, the parties have settled for the sum of $10,000. Of this, the plaintiff will receive $5,000. By way of background, the plaintiff alleges that he worked as a delivery person for defendants' Italian restaurant on the Upper West Side in Manhattan for about five months. He claims he was paid tips only and no wages and therefore would be entitled to a payment of the minimum wage for all hours worked. Amongst other defenses, Defendants adamantly dispute both that he worked there for five months and the quantity of hours he says he worked. There are no time or pay records to verify in either direction. Under these circumstances, a recovery of $5,000 for his claims is fair and reasonable, and he is pleased with the outcome.

First, there is no confidentiality provision in the Agreement. Second, the release in this case is limited to the claims that were alleged or could have been alleged in this lawsuit. Third, the litigation costs are $625.37 and the attorney fees are $4,374.63, which is half of the more than $9,000 in fees computed on a "lodestar" basis logged in the matter. Fourth, the Agreement contains no restriction on Plaintiff's counsel's ability to represent other individuals. Fifth, the settlement was not entered into on the basis of Plaintiff's economic desperation.

The parties have executed a written Settlement Agreement and jointly ask the Court to approve the settlement and dismiss the case with prejudice. The parties represent to the Court that the settlement is a fair and reasonable resolution of a bona fide dispute reached as a result of contested litigation. The parties attest to the fairness and reasonableness of their amicable settlement. The parties agreed to the terms of this settlement after they were counseled by their respective attorneys, who represented them throughout this action, during a settlement conference in court with the magistrate judge assigned to the case.

On this basis, the parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties and dismiss the instant action between the parties with prejudice.

We thank you for your attention to this matter.

Sincerely,

*Penn Dodson*

Penn A. Dodson
penn@andersondodson.com
**Attorney for Plaintiff**