**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MICHAEL GOMES, *in his individual capacity and on behalf of others similarly situated*,

                      Plaintiff,

– against –

COPPOLA'S OF NEW YORK, INC. *d/b/a Coppola's West*, SALVATORE'S CORP. *d/b/a Coppola's East*, and SALVATORE COPPOLA,

                      Defendants.

**OPINION AND ORDER**

19 Civ. 6738 (ER)

Ramos, D.J.:

      Michael Gomes, on behalf of himself and others similarly situated, brings the above-captioned against Coppola's of New York, Inc. *d/b/a* Coppola's West, Salvatore's Corp. *d/b/a* Coppola's East, and Salvatore Coppola (collectively, "Defendants"), alleging failure to pay minimum wage, failure to pay overtime, and record-keeping failures in violation of the Fair Labor Standards Act ("FLSA"), as well as several violations of New York Labor Law. Doc. 1. Gomes alleges that he worked for Defendants for approximately five months and was not paid any wages, only tips, and that he never received overtime pay despite working over forty hours every week he was there. *Id.* ¶ 1. Currently before the Court is the parties' joint application for settlement approval, filed November 13, 2019. Doc. 18. For the reasons set forth below, the application is denied.

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must "satisfy the Court that

their agreement is 'fair and reasonable.'" *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015).

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (internal quotation marks omitted) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

In *Lopez v. Nights of Cabiria, LLC*—cited with approval in *Cheeks*, 796 F.3d at 206—the court rejected a proposed FLSA settlement because the parties did not provide the basis for the recovery figure and because the settlement included impermissible provisions such as restrictive confidentiality clauses and overbroad releases. 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015). The proposed Settlement Agreement here is deficient for the same reasons as in *Nights of Cabiria*.

The Settlement Agreement provides for a total settlement of $10,000, of which $5,000 will be apportioned to Gomes. Doc. 18, Ex. A ("Settlement Agreement") ¶ 1. Plaintiff's counsel urges that "a recovery of $5,000 for [Gomes's] claims is fair and reasonable, and he is pleased with the outcome." Doc. 18 at 2. However, "[t]he parties have not 'provide[d] the Court with each party's estimate of the number of hours worked or the applicable wage.'" *Nights of Cabiria*, 96 F. Supp. 3d at 176 (quoting *Mamani v. Licetti*, No. 13 Civ. 7002 (KMW) (JCF), 2014 WL 2971050, at *2 (S.D.N.Y. July 2, 2014)). The Court thus has no sense of how the parties arrived at the settlement figures. *Id.* at 176–77. "In the absence of such information, the

2

Court cannot discharge its duty to ensure that the proposed settlement is fair and reasonable. It may be that the proposed settlement would merit approval in light of a more complete record. As it stands, however, the current submission is inadequate." *Id.* at 177.

Second, the parties have not provided any documentation to support the reasonableness of the proposed attorney's fees. "In this circuit, a proper fee request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'" *Id.* at 181 (quoting *Wolinsky*, 900 F. Supp. 2d at 336). "While there is a strong presumption that the 'lodestar' amount—that is, the number of attorney hours reasonably expended times a reasonable hourly rate—represents a reasonable fee, the court may adjust the fee award upward or downward based on other considerations." *Wolinsky*, 900 F. Supp. 2d at 336. The present submission does not include any billing records documenting the fees. The Court is thus in no position to assess their reasonableness.[1] *See Nights of Cabiria*, 96 F. Supp. 3d at 181–82.

Moreover, the Settlement Agreement provides that the settlement checks are "subject to the issuance of an IRS Form 1099." Settlement Agreement ¶ 1(A)(1). However, "FLSA settlement represents an award of back pay and not also liquidated damages until the plaintiff is compensated for the wages allegedly owed." *Guzman v. Prodelca Corp.*, No. 16 Civ. 2637 (AJP), 2016 WL 4371631, at *1 (S.D.N.Y. Aug. 16, 2016). Therefore, to the extent the settlement amount for each claimant is "less than the full amount of alleged unpaid wages, all of

---

[1] The Court notes that, "[e]xcept in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount." *Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015). The fees here total approximately 43% of the total recovery amount, without any indication that this was an "extraordinary case." The Court "strongly believes that, barring unusual circumstances not present here, a fee in excess of one-third of the settlement amount disserves the FLSA's important interest in fairly compensating injured plaintiffs." *Id.*

3

the settlement payments to the plaintiff (after deduction of attorneys' fees and costs) must be on a taxable W-2 basis." *Id.* at *2. This clause, the Tax Indemnity Clause, Settlement Agreement ¶ 13, and any other clauses that reference the tax allocation of the settlement amount, *e.g.*, *id.* ¶ 8(d), must be updated accordingly.

Furthermore, "the language of the proposed releases is far too sweeping to be 'fair and reasonable,'" because "[t]hey purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Nights of Cabiria*, 96 F. Supp. 3d at 181. By way of example, under the Settlement Agreement, Gomes "expressly waives any right or claim of right he may have under the law of any jurisdiction that the releases (such as those given in this Agreement) do not apply to unknown or unstated claims for any act, omission, transaction or occurrence which has taken place up to the Effective Date of this Agreement." Settlement Agreement ¶ 2. Similar language appears throughout the agreement. *See, e.g.*, *id.* ¶ 3 ("The Parties . . . expressly waive any right or claim of right they may have under the law of any jurisdiction that releases (such as those given in this Agreement) do not apply to unknown or unstated claims for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement . . . ."); *id.* ¶ 8(j) ("Plaintiff agrees to withdraw, with prejudice, all complaints, suits, actions, charges, claims and/or proceedings that Plaintiff may have filed in any court or tribunal whatsoever against Releasees concerning Plaintiff's employment, including those allegations made in the above referenced Litigation. Plaintiff specifically waives the benefit of any statute or rule of law which, if applied to this Agreement, would otherwise exclude from its binding effect any claims not now known by Plaintiff to exist[.]"); *id.* ¶ 8(k) ("It is the intent of Plaintiff and Releasees that by this Release, Plaintiff is giving up all rights, claims, and causes of action

4

against the Released Parties in connection with his employment and the claims he has specifically alleged in this Litigation, . . . whether or not Plaintiff is aware of them and whether or not any damage or injury has yet occurred."); *id.* ¶ 8(m) ("Plaintiff affirms that he understands that Plaintiff may later discover claims or facts that may be different than, or in addition to, those which Plaintiff now knows or believes to exist . . . . Nevertheless, Plaintiff hereby waives any right or claim that might arise as a result of such different or additional claims or facts."); *id.* ¶ 15 ("If Plaintiff should . . . make any Claim or allegation . . . against Defendants or Releasees for or by reason of any cause, matter or thing whatsoever existing up to the Effective Date, this Agreement may be raised as and shall constitute a complete bar to any such Claim, allegation, action, complaint or proceeding."). A proper release in a FLSA case can only "waive[] claims relating to the existing suit." *Nights of Cabiria*, 96 F. Supp. 3d at 181. In other words, a proper release cannot "extend[] beyond the *claims at issue in this action*." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (emphasis added). The Court will not approve overbroad releases that purport to "erase all liability whatsoever." *Nights of Cabiria*, 96 F. Supp. 3d at 181.

The indemnification clauses and waiver provisions in the Settlement Agreement suffer from the same infirmity in that they are not limited to claims related to the existing suit. For example, the Settlement Agreement requires Gomes to "indemnify, defend and hold Releasees and its insurers harmless from any action by CMS relating to medical expenses of Plaintiff" and "waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. §1395y(b)(3)(A)." Settlement Agreement ¶ 8(f). Also pursuant to the Settlement Agreement, Gomes "acknowledges and agrees . . . [to] waive[] his right to recover monetary damages, **of any kind**, in [an administrative investigation or proceeding]" and is

5

prohibited from "pursu[ing] **any claims** against the Releasees seeking monetary relief for himself and/or as a representative on behalf of others." *Id.* ¶ 3 (emphasis added); *see also id.* ¶ 8(l) ("This Agreement prohibits Plaintiff's ability to pursue **any claims** against the Releasees seeking monetary relief for Plaintiff and/or as a representative on behalf of others[.]" (emphasis added)). These terms, and any others like them, are not sufficiently tailored to the claims at issue in this case.

Finally, the Agreement contains a provision that purports to forever bar Gomes from re-employment with Defendants. Settlement Agreement ¶ 9. This is a "highly restrictive . . . provision[] . . . in strong tension with the remedial purposes of the FLSA." *Cheeks*, 796 F.3d at 206 (internal quotations marks and citations omitted). The Court will not approve an agreement with such a provision.

The Court will not approve the Agreement as currently written. The parties may proceed in one of the following ways:

1. File a revised settlement agreement on or before **December 5, 2019** that explains how the settlement amount was determined; provides documentation to support the reasonableness of attorney's fees; provides the correct tax allocation for the settlement amount; removes or tailors the release, indemnification, and waiver provisions; and removes the no re-employment provision; or

2. File a joint letter on or before **December 5, 2019** that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference.

3. Stipulate to dismissal of the case *without* prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

SO ORDERED.

Dated: November 21, 2019
New York, New York

Edgardo Ramos, U.S.D.J.